IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYRT M. WENTZELL and § | | |
| RHONDA E. WENTZELL § | | PLAINTIFFS |
| § | | |
| § | | |
| v. § | Civil Action No. 1:14cv182-HSO-RHW | |
| § | | |
| § | | |
| JPMORGAN CHASE BANK, § | | |
| NATIONAL ASSOCIATION § | | DEFENDANT |

<u>MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S [3] MOTION TO DISMISS</u>

BEFORE THE COURT is the Motion to Dismiss [3] filed by Defendant JPMorgan Chase Bank, National Association. This Motion is now fully briefed. After due consideration of the Motion, the related pleadings, the record, and relevant legal authorities, the Court finds that Defendant's Motion to Dismiss [3] should be granted and Plaintiffs' claims against Defendant should be dismissed.

I. <u>BACKGROUND</u>

A.   <u>Factual Background</u>

On October 19, 2001, Plaintiffs Kyrt M. Wentzell and Rhonda E. Wentzell ("Plaintiffs") entered into a loan with Bridges Mortgage Company ("Bridges"), in the principal amount of $128,118.00 plus interest at the rate of 6.875% per year. Note [1-2] at 7. The loan was secured by a Deed of Trust which granted Bridges and its successors a security interest in Plaintiffs' real property located at 2248 Club Moss Circle, Biloxi, Mississippi (the "Property"). Deed of Trust [1-2] at 9-10. On

November 1, 2001, Bridges assigned the loan to Defendant JPMorgan Chase Bank, National Association ("Chase" or "Defendant"). Land Records [1-2] at 17.

The parties do not appear to dispute that following Hurricane Katrina in August 2005, Plaintiffs fell behind on their monthly payments on the loan. Petition [1-2] at 2; Mot. [3] at 1-2. Plaintiffs entered into a Loan Modification Agreement with Chase in June 2006, which resulted in a remaining balance owed of $131,018.72 at an interest rate of 6.875%. June 2006 Loan Modification [1-2] at 18-22. With the modification, Plaintiffs' new monthly payments, due on and after July 1, 2006, were $909.97. *Id.* at 19.

According to Plaintiffs, they "believed they had secured the modification at the rate of 5.5%, but was [sic] told by representatives of Chase Home Finance that the interest rate would be adjusted to the 5.5% sometime later after the modification had been executed." Petition [1-2] at 2-3. Plaintiffs complain that Chase never made this "correction" and never provided any explanation or clarification for what Plaintiffs perceived as discrepancies in their account activity history. *Id.* at 3. Plaintiffs' June 23, 2008, Mortgage Loan Statement from Chase reflected a principal balance of $128,182.13, an interest rate of 6.875%, and a monthly payment of principal and interest totaling $909.97. June 2008 Statement [1-2] at 24. As of the June 23, 2008, Mortgage Loan Statement, Plaintiffs were $9,275.94 past due on payments and had been assessed other late charges and fees. *Id.*

Plaintiffs claim that sometime prior to May 1, 2009, they entered into another modification agreement with Chase which changed the interest rate to 5.25% as of

April 1, 2009. Petition [1-2] at 3. Plaintiffs have supplied a copy of an unexecuted modification agreement which states that the unpaid principal balance at that point was $148,318.14, including fees, interest, and other charges totaling $20,136.01 that were capitalized and added to the principal balance. Modification Agreement [1-2] at 25-28. The annual rate of interest on this unexecuted agreement was 5.25%, and the new monthly payments with this modification would total $935.47 beginning on May 1, 2009. *Id.* at 26.

Plaintiff's June 1, 2009, Mortgage Loan Statement reflected a principal balance of $148,232.41, with a 6.8750% interest rate, for a total monthly principal and interest payment of $935.47. June 2009 Statement [1-2] at 29. The November 23, 2009, Statement also contained an interest rate of 6.875% and a monthly principal and interest payment of $935.47. Nov. 2009 Statement [1-2] at 30. This Statement revealed that Plaintiffs were $5,326.02 in arrears in their monthly payments at that point. *Id.* Plaintiffs maintain that while the interest rate listed on the June and November 2009 Statements was 6.8750%, the monthly payment due indicated on those Statements show that Chase had in fact applied a 5.25% interest rate in calculating Plaintiffs' payments. Petition [1-2] at 5.

Plaintiffs contend that they continued to "seek assistance from Chase Home Finance in correcting the interest rate and other discrepancies in Plaintiffs' account activity history, but to no avail." Petition [1-2] at 4. Plaintiffs acknowledge that they "made their last payment on their mortgage on or about July 22, 2009." *Id.* Chase

> initiated foreclosure proceedings several times but Plaintiff [sic] was able to postpone the foreclosure sales. However, the foreclosure on May 16, 2013, was not postponed because Plaintiffs inadvertently did not recognize the notice of intent to foreclose as a notice to foreclose and thus, failed to contact JPMorgan Chase about the foreclosure date. The [Property] was sold to JPMorgan, it being the highest bidder.

*Id.*; *see also* Substitute Trustee's Deed [1-2] at 35-38; Proof of Publication [1-2] at 39.

On July 1, 2013, Chase filed a Complaint for Unlawful Entry and Detainer in the County Court of Harrison County, Mississippi, Second Judicial District [the "State Court Complaint"]. State Court Compl. [1-2] at 31. The State Court Complaint charged that Plaintiffs were in unlawful use and possession of the Property. *Id.* at 33. Chase sought a judgment for possession of the Property and for damages. *Id.* The record does not reveal the disposition of the State Court action.

B.  Procedural History

Plaintiffs filed a Petition to Set Aside Foreclosure and for Other Appropriate Relief (the "Petition") in the Chancery Court of Harrison County, Mississippi, on April 14, 2014, naming Chase as the sole Defendant. Petition [1-2] at 1. Plaintiffs invoked equity to request that the May 16, 2013, foreclosure sale be set aside and that Plaintiffs' loan with Chase be reinstated. *Id.* at 5. The Petition also sought attorneys' fees. *Id.* at 6.

Chase removed the civil action to this Court on April 24, 2014, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1. Chase then filed a Motion to Dismiss [3] pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. [3] at 2. Chase contends that Plaintiffs have failed to state

a claim upon which any relief can be granted on grounds that Plaintiffs' "claims are barred by the statute of limitations and otherwise implausible." *Id.*

Chase argues that any breach of contract claim is barred by Mississippi's general three-year statute of limitations, Mem. [4] at 5-6, and that the foreclosure on the Property was not wrongful, *id.* at 6-9. According to Chase, Plaintiffs were required to make monthly principal and interest payments, which they admittedly failed to do, triggering the power of sale provision of the Deed of Trust. *Id.* at 9. Chase also argues that once Plaintiffs defaulted on the loan, they no longer held a possessory interest in the Property and do not have standing to pursue a claim for wrongful foreclosure. *Id.*

Plaintiffs disclaim any breach of contract claim. Resp. [6] at 3; Mem. [7] at 5. Therefore, the Court considers any such claim to be abandoned and will not address it. Instead, Plaintiffs "rely upon an equitable claim based on Defendant's conduct in causing Plaintiffs to believe they were paying a higher interest rate." Mot. [6] at 3. Plaintiffs maintain that they "detrimentally relied on the Defendant's incorrect reporting of the interest rate" which, coupled with Chase's "insistence that the 6.875% rate was correct, lead Plaintiffs to fight to correct the interest rate and the other discrepancies, to the point of risking foreclosure." Mem. [7] at 4. Plaintiffs argue that Chase misled them and that under Mississippi law a chancery court can grant equitable relief to remedy this purportedly unfair and unconscionable behavior. *Id.* at 5-6. Plaintiffs posit that this Court is empowered to grant equitable relief and set aside the foreclosure sale, such that dismissal under Rule 12(b)(6)

would be inappropriate. *Id.* at 7. Plaintiffs, who are represented by counsel, have not requested leave to amend their Complaint.

## II. DISCUSSION

A. <u>Legal Standard</u>

When presented with a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face . . . ." *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiffs. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 498-99. Chase has

attached to its Motion to Dismiss the same documents that Plaintiffs attached to and referenced in their Petition. The Court may therefore properly consider Chase's Motion as one brought pursuant to Rule 12(b)(6). However, even if the Court considered the Motion as one for summary judgment under Rule 56, the result would not change.

B.  Substantive Law

Because this is a case arising under the Court's diversity jurisdiction, Mississippi substantive law applies. *Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "A foreclosure under the power of sale is properly conducted if the constitutional, statutory, and contractual requirements entered into by the parties are met." *Lake Hillsdale Estates, Inc. v. Galloway*, 473 So. 2d 461, 465 (Miss. 1985) (citing *Peoples Bank & Trust Co. v. L. & T. Developers*, 434 So. 2d 699 (Miss. 1983)).

Mississippi statutory law sets forth the requirements for conducting a foreclosure sale. *See* Miss. Code § 89-1-55. Where a foreclosure sale does not comply with these requirements, the sale is void. *See Osborne v. Neblett*, 65 So. 3d 311, 313 (Miss. Ct. App. 2011) (citing Miss. Code § 89-1-55) (publication requirements). If a lender conducts a sale without statutory authority, such as when the mortgagor reinstates her loan prior to a foreclosure sale, the foreclosure sale is also void. *See Chase Home Finance, L.L.C. v. Hobson*, 81 So. 3d 1097, 1101 (Miss. 2012). "[I]n the absence of irregularity in the conduct of the foreclosure sale, mere inadequacy of price will not operate to set the sale aside, unless consideration

is so grossly inadequate as to shock the conscience of the court." *Lake Hillsdale Estates*, 473 So. 2d at 465 (citations omitted).

> Equity will not relieve the mortgagor from the consequence of a default unless the mortgagee has done some act which makes it unconscionable for him to take advantage of it. But, it is generally accepted that a court of equity has the power to relieve a mortgagor from the effect of an operative acceleration clause in a mortgage where the default of the mortgagor was the result of some unconscionable or inequitable conduct of the mortgagee.

*Johnson v. Gore*, 80 So. 2d 731, 736 (Miss. 1955) (citation omitted).

C. <u>Analysis</u>

Plaintiffs do not allege that they cured their default or reinstated their loan prior to foreclosure, that any constitutional, statutory, or contractual requirement of conducting the foreclosure sale was violated, that the sale price was inadequate, or that the foreclosure sale is otherwise void or voidable. Nor do Plaintiffs ask that the Court simply set aside the foreclosure sale. Instead, Plaintiffs request that the Court, under its equity power, "reinstate the loan Plaintiffs have with Defendant." Petition [1-2] at 5. However, Plaintiffs essentially admit that they were in default on their mortgage, acknowledging in their Petition that they "made their last payment on their mortgage on or about July 22, 2009." Petition [1-2] at 4. Plaintiffs have not pleaded sufficient facts to demonstrate any unconscionable or inequitable conduct on the part of Chase which would rise to the level of excusing Plaintiffs from their default. *See Johnson*, 80 So. 2d at 736.

"It is one of the oldest and most well known maxims that one seeking relief in equity must come with clean hands or face refusal by the court to aid in securing any

right or granting any remedy." *R.K. v. J.K.*, 946 So. 2d 764, 774 (Miss. 2007) (citations omitted).

> In other words, whenever a party seeks to employ the judicial machinery in order to obtain some remedy and that party has violated good faith and some other equitable principle, the doors of the court will be shut against him and the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.

*Id.* (quotation omitted). In the present case, it is undisputed that Plaintiffs failed to make a monthly mortgage payment for over three and a half years prior to the foreclosure sale. Based upon the facts alleged in Plaintiffs' Petition and presented in their supporting documents, and given the fact that Plaintiffs have abandoned any breach of contract claim, the Court does not find a plausible claim for equitable relief exists in this case.

In sum, Plaintiffs were clearly in default on their mortgage and had not made a monthly payment for over three and half years before the foreclosure sale took place on May 16, 2013. As such, Chase had full authority under the Deed of Trust and Mississippi law to foreclose, and Plaintiffs have not alleged that there were any errors in the notice or conduct of the foreclosure sale. The Petition fails to state a plausible wrongful foreclosure claim, and dismissal under Rule 12(b)(6) is appropriate.

### III. CONCLUSION

Plaintiffs have alleged their best case for equitable relief based upon these underlying facts and cannot state a plausible claim upon which relief can be granted

under Mississippi law.  For the foregoing reasons, Chase's Motion to Dismiss [3] should be granted, and this case will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Dismiss [3] filed by Defendant JPMorgan Chase Bank, National Association, is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this 9th day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE